[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: January 5, 1996 Date of Application: January 5, 1996 Date Application Filed: February 5, 1996 Date of Decision: January 22, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of New Haven at New Haven.
Docket No. CR6-396330.
Beth Merkin, Esq. For the Petitioner.
Robert O'Brien, Esg. For the State of Connecticut.
SENTENCE: AFFIRMED
 BY THE DIVISION
Ronald Cotten, petitioner, was convicted by a jury of Sexual Assault in the First Degree (a violation of C.G.S. § 53a-70 (a)(2) and Risk of Injury to a Minor (a violation of C.G.S. § 53-21) the charges carry a maximum penalty of 20 years (mandatory minimum of 5 years incarceration) and 10 years, respectively. The court imposed a maximum of sentence on CT Page 2376 each to be served consecutively for a net effective sentence of 30 years in the custody of the Commissioner of Corrections. It is this sentence the petitioner seeks to have reviewed.
The factual basis for the convictions concern a 4 year old female child who was left in the petitioner's care by the mother. The next day the child complained to the mother that her vaginal area hurt and indicated that the petitioner placed his finger(s) inside her vagina. The defendant was convicted of these acts.
At the hearing before the Division counsel for the petitioner indicated that there were two aggravating factors relevant to the sentencing: 1) the age of the complaintant; and 2) the petitioner's prior criminal history. Counsel for petitioner indicated that the petitioner's prior criminal record was not sufficient to allow the trial court to impose the maximum sentence. Counsel indicated that although the defendant had prior sexual assault convictions none involve a child of the age of the victim.
Counsel further pointed out that pursuant to C.G.S. [§ 53a-29 (e)] the legislature provided for an extended period of probation for sexual offenders. Counsel requested the Division to suspend part of the 30 year sentence and give petitioner an extended period of probation with counseling and treatment components. Under the present sentence, counsel relates, the petitioner will eventually be released to the community without the benefit of any counseling and treatment.
The petitioner addressed the Division and acknowledged he did "not have a good past." Petitioner further indicated he was on the street for 3 years prior to his present incarceration and was in proximity to a school and had children and grandchildren and that he would not act out against children. Petitioner further indicated he now reads the Bible and he doesn't "have things in my mind and my spirit" (that he had previously).
The States Attorney countered by indicating in 1981 the petitioner was convicted of two separate sexual assault in the first degree cases and served a period of incarceration. Counsel for the state related that within 2 months of his release from incarceration the petitioner committed criminal acts. Counsel identified the petitioner as a sexual predator and referred the Division to the remarks of the sentencing court on the day of sentencing. (T. 1/5/96 p. 24). The trial court related the following:
"There are people who come along every so often who have earned the maximum sentence, not too often, but on occasion, this is one of them. The nature of the CT Page 2377 offense, what he did, the effect on this four year old girl and in particular the defendant's outrageous prior record of violence, assaults, sexual assaults. . . ." "This defendant has been described by the probation officer as a predator and that is correct, he is a predator. Predators should be removed from society for as long as they can be removed for the protection of the innocent members of society. . . ."
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in accordance with the provisions of Connecticut Practice Book § 43-28
et seq., and Connecticut General Statute § 51-94 et seq.
In reviewing the intentional act inflicted on this 4 year old child and the outrageous criminal history of the petitioner combined with his complete lack of accepting responsibility or demonstrating any kind of remorse the Division finds that the sentence imposed was neither inappropriate nor disproportionate.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence is AFFIRMED.
Miano, J., Klaczak, J., and Norko, J. participated in this decision.